IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-01670-RBJ

TETRA TECH CONTRUCTION, INC.
f/k/a TETRA TECH CONSTRUCTION SERVICES, INC.,

    Plaintiff,

v.

HAMON CONTRACTORS, INC.,

    Defendant.

---

ORDER

---

This case is before the Court on defendant's motion for partial summary judgment. [docket #24].

**Facts**

In 2004 the City of Westminster (the City) contracted with Hamon Contractors, Inc., to complete a road construction project for the City. Hamon, as general contractor, hired several subcontractors, including the plaintiff, Tetra Tech. Hamon and Tetra Tech entered into a detailed subcontractor agreement. Within the agreement, the City was designated the Owner, Hamon was the Contractor, and Tetra Tech was the Subcontractor. Among the many provisions was a provision dealing with delays. The contract provided:

> In the event the Subcontractor's performance of this Subcontract is delayed or interfered with by acts of the Owner, Contractor, or other Subcontractors, he may request an extension of the time for the performance of same, as hereinafter provided, but shall not be entitled to any increase in the Subcontract price or to damages or additional compensation as a consequence of such delays or interference, except to the extent that the prime contract entitles the Contractor to compensation for such delays and then only

1

      to the extent of any amounts that the Contractor may, on behalf of the Subcontractor, recover from the Owner for such delays.

Subcontractor Agreement § 6(a). [#24-2]. The contract also provided that any claims against the City had to be brought by Hamon upon written request from Tetra Tech, that whether or not to bring such claims was in Hamon's "sole discretion," and that Hamon would act in good faith in any of its attempts to recover funds owed to Tetra Tech. *Id.* at § 4(b).

      During the course of construction several delays arose. First, another subcontractor struck an unmarked underground water main while excavating to install a storm drain. As a result, Tetra Tech and the other subcontractor commenced an emergency response to mitigate further damage. Tetra Tech alleges that this response required the use of additional heavy equipment, materials, and labor. Tetra tech also alleges that there were project completion delays that extended the project by ten months, which Tetra Tech attributes to the City.

      Because of these delays, Tetra Tech requested that Hamon seek extra compensation from the City. Hamon forwarded Tetra Tech's claims on to the City along with its own claims for additional time and money. Hamon later became involved in litigation with the City over these amounts. Hamon and the City settled for an undisclosed amount in a confidential settlement agreement.

      In response to discovery requests, Hamon has provided Tetra Tech with a redacted version of the settlement agreement. [#24-4]. In the redacted agreement, the settlement amount is not disclosed. The agreement states that

> In consideration of the payments set forth . . . the City, Hamon [and two other parties] hereby release, acquit and forever discharge each other from any and all past, present and future claims, demands, obligations, actions, causes of action, rights, damages, injuries, penalties, costs, losses, expenses, interest and attorney fees in law or equity relating to or arising from, in any way:
> a. The claims and allegations which were or which could have been asserted in the Lawsuit; or

      b. The Project with the exception of any remaining warranties owing from Hamon to the City on the Project.

Mutual Release and Settlement Agreement ¶ 2. Tetra Tech argues that is it due part of the money from this settlement. Hamon maintains that the settlement was not in satisfaction of Tetra Tech's delay claims and therefore under the terms of the subcontractor agreement, Tetra Tech is not entitled to any money.

### Standard

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56 (c)). When deciding a motion for summary judgment, the Court considers "the factual record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ." *Id.* The Court does not weigh the evidence or make credibility determinations. *Id.* The moving party has the burden to show that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

### Conclusions

In its partial motion for summary judgment, Hamon argues that this Court should grant summary judgment on Tetra Tech's delay claims because "Tetra Tech's subcontract unambiguously precludes this relief, and because no material facts are in dispute." Def.'s Br. at

3

2. Specifically, Hamon argues that Tetra Tech cannot succeed because damages are precluded by the "no delay damages" clause in the contract and because the settlement agreement with the City did not allocate damages to Tetra Tech. As the moving party, Hamon bears the burden to show that there is an absence of evidence to support Tetra Tech's case. *Celotex Corp.* 477 U.S. at 325.

Colorado courts have recognized the validity of "no damages for delay" clauses but have cautioned that they are to be strictly construed against the owner or general contractor. *Tricon Kent Co. v. Lafarge N. Am., Inc.,* 186 P.3d 155, 159 (Colo. App. 2008). Under the language of the subcontractor agreement, Tetra Tech is not entitled to delay damages "except to the extent that the prime contract entitles the Contractor to compensation for such delays and then only to the extent of any amounts that the Contractor may, on behalf of the Subcontractor, recover from the Owner for such delays." Subcontractor Agreement § 6(a). [#24-2]. Thus, under the terms of the contract, Tetra Tech is entitled to delay damages if: (1) the prime contract entitled Hamon to compensation for such damages, and (2) Hamon actually recovered those damages from the Owner of the contract, the City of Westminster.

In its motion, Hamon acknowledges that it is undisputed that Tetra Tech requested that Hamon seek extra compensation for delays; that Hamon forwarded those claims to the City along with its own claims; that Hamon and several other subcontractors later became involved in litigation over the same issues; and the parties settled for a confidential amount. Def. Br. at ¶¶ 4-5. Hamon then argues that it is also undisputed that the settlement between Hamon and the City did not make any allocation for Tetra Tech. I agree that the settlement agreement between Hamon and the City does not say anything about how the money is allocated. It only says that it is in consideration of all claims that were or could have been asserted in the lawsuit. Mutual

Release and Settlement Agreement ¶ 2.  However, this does not mean that Tetra Tech's claims for damages were not contemplated by the settlement agreement.  The settlement amount is confidential and has not been disclosed during discovery, which further adds to the obscurity surrounding what claims were negotiated by Hamon and the City during the settlement negotiations.

The fact that the settlement agreement did not specifically allocate damages to Tetra Tech is not enough to show that there is an absence of evidence to support Tetra Tech's claims.  Under these facts, a reasonable jury could find that the settlement agreement between Hamon and the City included compensation for the claims asserted on behalf of Tetra Tech.  If the settlement agreement included money for Tetra Tech's claims, then under the subcontractor agreement, Tetra Tech would be entitled to damages.  Because there is a genuine dispute of material facts about what claims were included in Hamon's settlement with the City, summary judgment is inappropriate.

**Order**

Defendant's motion for partial summary judgment [#24] is DENIED.

DATED this 29th day of July, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge